UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARRELL GIPSON,      : | |
|     Plaintiff,      : | |
| : | PRISONER CASE NO. |
| v.      : | 3:12-cv-1481 (JCH) |
| : | |
| PETER T. PIZZILLO, et. al.,      : | NOVEMBER 19, 2012 |
|     Defendants.      : | |

INITIAL REVIEW ORDER

The plaintiff, Darrell Gipson, currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Director Peter T. Pizzillo and Counselor Tim Doe of the Midwestern Connecticut Council on Alcoholism, Inc. ("MCCA").

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed

pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on July 24, 2012, the plaintiff began treatment in the MCCA Detox unit.  On July 29, 2012, he was successfully discharged and transferred to the MCCA Sobering Center.  On August 7, 2012, defendant Pizzillo asked him to leave the program and defendant Doe refused to make him a copy of a grievance form.

To state a section 1983 claim, the plaintiff must allege that a person acting under color of state law violated his constitutionally or federally protected rights.  Defendants Pizzillo and Doe work at MCCA.  The Supreme Court has established a two-part test to determine when the actions of a private party may be attributed to the state so as to make the private party subject to liability under section 1983.  First, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  Id.

The MCCA website indicates that it is supported by the Connecticut Department of Mental Health and Addiction Services and the Connecticut Court Support Services Division.  See www.mccaonline.com/about-us/ (last visited Nov. 8, 2012).  Thus,

although the defendants do not appear to be state employees, they do receive significant aid from the state. In addition, in making complaints about his treatment, the plaintiff contacted the Department of Mental Health and Addiction Services. These facts are sufficient to allege that the defendants are persons for whom the State may be responsible and that they have obtained significant aid from the state. Thus, for purposes of this Ruling, the court considers the defendants to be state actors. Even so, however, the plaintiff fails to state cognizable claims against the defendants.

The only allegation against defendant Doe is that he refused to copy a grievance form for the plaintiff when he requested one. Refusal to provide a grievance form does not constitute a violation of the plaintiff's constitutional rights because there is no constitutional right to a grievance procedure. See Savage v. Perez, No. 09 Civ. 5208(PKC)(HBP), 2010 WL 4739811, at *4 (S.D.N.Y. Nov. 17, 2010) (citing cases). "The grievance procedure or lack thereof cannot itself form the basis of a section 1983 claim," Id. (internal citations omitted), as the grievance procedures are undertaken voluntarily by the State. See Chadwick v. Mondoux, 2007 WL 2891655 at 6 (NDNY Sept. 28, 2007). In addition, the plaintiff was able to obtain and timely complete a grievance form; a copy of the grievance form is attached to the Complaint. The claim against defendant Doe is dismissed pursuant to 28 U.S.C. § 1915A.

Defendant Pizzillo asked the plaintiff to leave the program. The court assumes that the plaintiff is asserting a claim that he was deprived of due process in connection with his rejection from the program. To prevail on a due process claim, the plaintiff must show that he had a protected liberty interest and that he was not afforded the requisite process before he was deprived of that interest. See Cruz v. Gomez, 202

F.3d 593, 597 (2d Cir. 2000).  A protected liberty interest may be found in the protections afforded by the Constitution or under state law.  Research has revealed no protected liberty interest in participation in an alcohol treatment program.  Accordingly, there is no basis for a section 1983 claim against defendant Pizzillo.

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)     The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated this 19th day of November 2012, at New Haven, Connecticut.

                                         /s/ Janet C. Hall
                                         Janet C. Hall
                                         United States District Judge